**HUMMEL & LEWIS, LLP**
**Michael B. Smith, Esquire**
**I.D. No. 207158**
**3 East Fifth Street**
**Bloomsburg, PA  17815**
**(570) 784-7666**                                                                                     **Attorney for Defendant Carl Libby**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIRANDA SEELEY, A MINOR BY HER NATURAL GUARDIAN, SUSAN SHEPHERD: | : | CIVIL NO. 4:12-CV-917 |
| PLAINTIFF, | : | JURY TRIAL DEMANDED |
| VS. | : | MAGISTRATE JUDGE CARLSON |
| MARA DERR AND CARL LIBBY, | : | |
| DEFENDANTS. | : | ELECTRONICALLY FILED |

**DEFENDANT CARL LIBBY'S BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**PROCEDURAL HISTORY OF THE CASE**

The Minor Plaintiff, Miranda Seeley, and her father, Edward Seeley, filed a Complaint against the Defendants on or about January 24, 2010, in the Court of Common Pleas of Northumberland County, Pennsylvania.  Subsequently, pursuant to a Stipulation among the parties, the caption of the case was amended such that Edward Seeley was removed as Plaintiff and Natural Guardian of the Minor Plaintiff and Susan Shepherd was added as Plaintiff and Natural Guardian.  On or about July 18, 2011, the Plaintiff filed a Praecipe to Discontinue, after discovery had nearly been completed.

On or about December 1, 2011, Plaintiff filed a Complaint against the Defendants in the United States District Court for the Eastern District of Pennsylvania.  Pursuant to a Stipulation

1

among the parties, the matter was transferred to the United States District Court for the Middle District of Pennsylvania. Defendant Libby filed an Answer and New Matter on or about June 20, 2012.

On or about January 4, 3013, Defendant Libby filed a Motion for Summary Judgment, which is before this Honorable Court for disposition.

## STATEMENT OF FACTS

At all times material hereto, the Minor Plaintiff resided with her father, Edward Seeley, Defendant Mara Derr, and Defendant Derr's daughter, Tiffany Workman, at 448 Orange Street, Northumberland, Northumberland County, Pennsylvania. (App. pp. 1-4, Edward Seeley Dep. pp. 15, 17; Miranda Seeley Dep. pp. 6, 7). Defendant Derr and Edward Seeley were not married. Defendant Libby was the owner of the premises and leased the premises to Defendant Derr. (App. p. 5-8, Lease Agreement).

Defendant Libby resided at 700 Horizon Avenue, Northumberland, Northumberland County, Pennsylvania. (App. p. 9, Def. Libby Ans. Com. ¶ 4).

Defendant Libby, pursuant to the request of Defendant Derr, permitted Defendant Derr and Edward Seeley to house two (2) pets, both dogs, at the premises. (App. p. 10, Def. Libby Dep. p. 28). The dogs were named Cinnamon and Bandit. (App. p. 1, Edward Seeley Dep. p. 15).

Plaintiffs allege that on July 9, 2003, Defendant Derr's dog, Bandit, bit the Minor Plaintiff, causing injuries. (App. p. 11, Plaintiffs' Ans. to Interrogatories, ¶ 2). Plaintiffs allege that Defendant Libby was negligent for, among other things, allowing an allegedly vicious dog to remain at the premises.

Defendant Libby maintains that he is a landlord out of possession as he resided at another property on a different street in the Borough of Northumberland. (App. p. 9, Def. Libby Ans. Com. ¶ 4).

## STATEMENT OF QUESTIONS INVOLVED

I. Whether summary judgment should be granted in favor of Defendant Libby where there is no genuine issue of material fact as to whether Defendant Libby had actual knowledge of a vicious propensity of Bandit, the dog that allegedly bit the Minor Plaintiff, and where Defendant Libby is entitled to judgment as a matter of law?

II. Whether summary judgment should be granted where there is no duty placed upon a landlord to protect his tenants' children from the family dog?

## ARGUMENT

I. Whether summary judgment should be granted in favor of Defendant Libby where there is no genuine issue of material fact as to whether Defendant Libby had actual knowledge of a vicious propensity of Bandit, the dog that allegedly bit the Minor Plaintiff, and where Defendant Libby is entitled to judgment as a matter of law?

To establish a negligence claim against a landlord for injuries caused by the landlord's tenant's dog, the plaintiff must prove that the landlord owed a duty of care, the landlord breached that duty, and the injuries were proximately caused by the breach. Martin v. Evans, 551 Pa. 496, 711 A.2d 458 (1998). "Generally, a landlord out of possession is not responsible for attacks by animals kept by his tenant on the leased premises where the tenant has exclusive control over such premises.". Palermo by Palermo v. Nails, 334 Pa.Super. 544, 483 A.2d 871 (1984). A landlord may be held responsible for injuries caused by a tenant's dog only if the landlord has actual knowledge of the dog's vicious propensities. Underwood v. Wind, 2008 PA Super 158. There are no disputed facts in this case as to whether the tenant had exclusive control over the

premises.

"Actual knowledge of a dog's dangerous propensities is required before a duty is imposed upon a landlord to protect against or remove an animal housed on rental property." Rosenberry v. Evans, 2012 PA Super 91, 48 A.3d 1255. A landlord's actual knowledge of the dog's dangerous propensity is a prerequisite to the imposition of a duty on the landlord. Id. at 1259.

In Rosenberry, the minor plaintiff went with his grandparents to choose a puppy from a litter recently born to Raven, a pit bull. While the minor plaintiff was holding the puppy, Raven, after licking the child's knee and hand, bit the minor plaintiff on the nose. A suit was brought against the owners of the dog and against the dog owners' landlord, who resided elsewhere.

The landlord filed a motion for summary judgment on the basis that he had no actual knowledge of the dog's vicious propensities, among other things. The trial court granted the motion, which was affirmed by the Superior Court of Pennsylvania on the basis that the landlord had no actual knowledge of the dog's vicious propensities.

In Rosenberry, the Superior Court of Pennsylvania indicated that there was no evidence that the dog displayed vicious characteristics that were observed by the landlord. The testimony was that Raven had a gentle disposition. However, it was undisputed that the dog had a tic, or involuntary spasm, which intermittently caused it to clench its teeth in a biting motion. The Superior Court said the fact that the landlord went to the property to collect rent on the first of the month and on other occasions was not enough to infer that the landlord would have been in such close proximity to the dog to see or hear the tic displayed. The Court further noted that there were no dangerous dog signs on the property and no complaints regarding the dog's viciousness were made to the landlord.

The plaintiff's mother testified that, after her son was injured, she heard rumors that the dog had previously attacked and killed a poodle. The Rosenberry Court said that the plaintiff's mother had no personal knowledge of the facts underlying the rumors and therefore the Court refused to rely upon inadmissible hearsay to find a genuine issue of material fact. The Court further said, "[i]f witnesses existed who could have substantiated the truth of the rumor, it was Mother's burden to establish those facts on the record. Even then, issues would remain as to Landlord's actual knowledge of Raven's alleged attack of the other dog." Id. at 1264.

Defendant Libby resided at a separate location, on a separate street, in the Borough of Northumberland. The Plaintiffs are unable to present any competent evidence indicating Defendant Libby had actual knowledge of a vicious propensity of Bandit, the dog that allegedly bit the Minor Plaintiff.

The Plaintiffs seem to rely upon two incidents, one where one of Defendant Derr's dogs chased a boy who was riding a bicycle, and the other where one of Defendant Derr's dogs was involved in either an altercation or playful episode with a neighboring dog, to prove Defendant Libby had actual knowledge of Bandit's vicious propensities.

With regard to the incident where a dog chased a boy who was riding a bicycle, Defendant Libby testified unequivocally that he was informed by the parents of the boy that Defendant Derr's other dog, Cinnamon, is the dog that was involved in this incident (App pp. 13, Affidavit of Mara Derr ¶¶ 7 and 9). This is consistent with the recorded statement Defendant Libby made on October 6, 2003, where he indicated that he was informed that Cinnamon had chased a boy who was riding a bicycle. (App. p. 16, Def. Libby Recorded Statement p. 1).

Defendant Derr, the owner of the dogs, indicated in her Affidavit that Cinnamon chased a

5

boy while the boy was riding his bicycle and that she clearly explained to Defendant Libby that it was Cinnamon. (App pp. 13, Affidavit of Mara Derr ¶¶ 7 and 9). Defendant Derr also testified that Bandit, the dog that allegedly bit the Minor Plaintiff, was not involved in this incident. (App. p. 13, Affidavit of Mara Derr ¶ 8).

Edward Seeley, the Minor Plaintiff's father and former plaintiff in the action, testified that he was told that Bandit has chased the boy who was riding a bicycle, but was unable to present evidence or testimony that Defendant Libby was told the same thing. As set forth in Rosenberry, the Plaintiffs cannot rely upon inadmissible hearsay to establish the existence of a genuine issue of material fact. Again, Rosenberry stands for the proposition that if there were witnesses, i.e. the father of the boy who was allegedly chased while riding a bicycle, who could have substantiated the truth of Edward Seeley's assertions, it was the burden of the Plaintiffs to establish those facts on the record. The Plaintiffs failed to do so.

Edward Seeley further testified that he was not present for any conversations that Defendant Libby had with anyone regarding which dog chased the boy riding the bicycle, nor was he present for any conversations wherein Defendant Libby was told that Bandit was the dog who chased the boy on the bicycle (App. p. 17, Edward Seeley Dep. p. 48). Edward Seeley testified that does not know if anyone ever told Defendant Libby it was Bandit who had chased the boy. (App. p. 18 Edward Seeley Dep. p. 49).

Lastly, Mr. Seeley testified that he had no information that would indicate that Defendant Libby had actual knowledge that Bandit was violently prone to attack and display aggression towards neighbors and other persons. (App. p. 19, Edward Seeley Dep. p. 52).

With regard to the incident where one of Defendant Derr's dogs was engaged in an

altercation or playful episode with a neighbor's dog, Defendant Libby testified that he was informed by his neighbors that Defendant Derr's dog Cinnamon, not Bandit, went to the neighbor's yard to interact with the neighbor's dog and as they were playing, the neighbor's little dog was hurt. (App. pp. 20, 21, Def. Libby Dep. pp. 46, 48). The record is devoid of any testimony or other evidence indicating that Defendant Libby was advised that Bandit was involved in this incident.

Edward Seeley, the Minor Plaintiff's father, testified that he was told by the neighbor that Bandit was involved in the incident with the neighbor's dog. As discussed above, the Plaintiffs cannot rely upon inadmissible hearsay to establish the existence of a genuine issue of a material fact. The Plaintiffs could have deposed the neighbor or requested an affidavit to support their position, but they failed to do so. Additionally, even if the neighbor were to testify that the dog involved was Bandit, the Plaintiffs failed to prove that Defendant Libby had actual knowledge of this.

Edward Seeley, a plaintiff at the time his deposition was taken, testified that he had no information indicating that Defendant Libby knew Bandit, specifically, was an aggressive dog. (App. p. 22, Edward Seeley Dep. p. 51). Mr. Seeley also testified that he had no information indicating that Defendant Libby knew specifically that Bandit was a vicious dog. (App. pp. 22, 19, Edward Seeley Dep. pp. 51, 52). Lastly, Mr. Seeley testified that he had no information that would indicate that Defendant Libby had actual knowledge that Bandit was violently prone to attack and display aggression towards neighbors and other persons. (App. p. 19, Edward Seeley Dep. p. 52).

Defendant Derr testified that, prior to July 9, 2003, the date of the incident that

gave rise to this lawsuit, Bandit had not previously bitten or attacked any other animal or person. (App. p. 13, Affidavit of Mara Derr ¶ 11).  She further stated that, prior to July 9, 2003, the date of the incident that gave rise to this lawsuit, she had not had a conversation with Defendant Libby regarding any potentially aggressive or vicious behavior on the part of Bandit because she had no such concerns.  (App. p. 13, Affidavit of Mara Derr ¶ 12).

Similar to Rosenberry, there is no evidence that a dangerous dog sign was posted on the property and similarly no evidence that Defendant Libby received complaints concerning Bandit.  The record is devoid of testimony or other evidence indicating that Defendant Libby had actual knowledge of a vicious propensity of Bandit.  There is no genuine issue of material fact, specifically that Defendant Libby had no actual knowledge of any vicious propensity of Bandit, and Defendant Libby is entitled to judgment as a matter of law.

> II.   Whether summary judgment should be granted where there is no duty placed upon a landlord to protect his tenants' children from the family dog?

The cases that place a duty upon a landlord when the landlord has actual knowledge of the vicious propensities of a tenant's dog all address a duty owed to the tenant's guests or to the general public.  Not one case places a duty upon a landlord where the tenant's dog attacks a family member living with the tenant, or, said another way, when the dog attacks another tenant of the same residence.

The Minor Plaintiff, Miranda Seeley, resided with her father, Edward Seeley, Defendant Derr, and Defendant Derr's daughter, Tiffany Workman.  (App. pp.  1-4, Edward Seeley Dep. pp. 15, 17; Miranda Seeley Dep. pp. 6, 7).  It is alleged that Defendant Derr's dog, Bandit, bit the Minor Plaintiff while they were all living together.

Essentially, Defendant Derr and Edward Seeley had created a non-traditional family. What the Plaintiffs ask the Court to do is impose liability on a landlord where the family's dog bites a member of the family. There is no case law justifying the Plaintiffs' position and it would certainly be against public policy to adopt the Plaintiffs' views. To hold otherwise would subject out of possession landlords to the dynamics of family members and their dogs.

## Conclusion

Summary judgment is appropriate, and Defendant Libby is entitled to judgment as a matter of law, because the record is devoid of evidence indicating that Defendant Libby had actual knowledge of a vicious propensity of Bandit. Further, there is no authority to support the proposition that a landlord could be held liable if his/her tenant's dog attacks a family member.

Respectfully submitted,

DATE: JANUARY 17, 2013

/s/ Michael B. Smith, Esquire
MICHAEL B. SMITH, ESQUIRE
ATTORNEY FOR DEFENDANT CARL LIBBY
ATTORNEY I.D. NO. PA 207158
3 East Fifth Street
Bloomsburg, PA 17815
Phone: (570) 784-7666
Fax: (570) 387-8132
mikes@hummelandlewis.com