# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIRANDA SEELEY, A MINOR, | : | Civil No. 4:12-CV-917 |
| BY HER NATURAL GUARDIAN, | : | |
| SUSAN SHEPARD, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| MARA DERR and CARL LIBBY, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

**I.** **Statement of Facts and of the Case**

This diversity case, which comes before us for consideration of a motion for summary judgment, calls upon us to interpret and apply Pennsylvania's law regarding the reach of landlord liability for injuries allegedly caused by a tenant's pet to a third party. In this case, finding that the requisites for landlord third-party liability under Pennsylvania law are not met as a matter of law, we will grant the summary judgment motion filed by defendant Carl Libby.

The pertinent facts can be simply stated: In 2002, five year-old Miranda Seeley and her father, Edward Seeley, resided with Mara Derr and her family in a rented duplex at 448 Orange Street, Northumberland, Pennsylvania. At the time, Derr's landlord was the defendant, Carl Libby. Also residing at the duplex with Derr, her

1

family, and the Seeleys were two dogs–Bandit and Cinnamon. It is the propensities of these two dogs, and Carl Libby's knowledge of the propensities of these dogs, that lies at the heart of this case against Derr's landlord, Libby.

With respect to this issue, the parties have identified three incidents which occurred prior to the July 2003 dog bite episode that led to this lawsuit. First, at some time prior to this episode, Libby observed Derr's dog, Cinnamon, escaped from the back porch of 448 Orange Street and run down an alleyway. Following this incident Libby testified that he instructed Derr to keep her dog tied upon or inside the residence. (Doc. 28-2, pp.16-17.)

In addition, the evidence identified two other incidents involving one of Derr's dogs, an episode in which a dog chased a child on a bicycle, and a separate instance in which one of Derr's dogs got into an altercation with a neighbor's dog. (Id., pp.23, 4.) Libby did not directly witness either of these incidents, but in both instances the undisputed evidence indicates that it was reported to Libby that the dog involved in the incidents was Derr's dog, Cinnamon. (Id.) Based upon these reports, Libby once again admonished Derr to maintain control over Cinnamon. (Id.) Thus, while Seeley contends that Mara Derr's other canine, Bandit, was in fact involved in these prior episodes, it is undisputed that all that was ever reported to Libby was that Derr's dog, Cinnamon, was the aggressor in these instances. (Id.) Indeed, Edward Seeley candidly admitted that he had no information which would indicate that Libby had any

prior actual knowledge of dangerous propensities on the part of Derr's dog, Bandit. (Doc. 22-2, p. 19.) Moreover, the uncontested evidence from Libby, Derr, and a neighbor, was that it was reported to Libby that Derr's other canine, Cinnamon, was the sole dog involved in these prior aggressive incidents. (Id.)

It is against this factual background that an episode occurred on July 9, 2003, in which Derr's dog, Bandit, is alleged to have mauled and severely injured Miranda Seeley. On December 1, 2011, some 7 ½ years after this incident[1], Seeley, acting on behalf of his daughter, filed this action in the United States District Court for the Eastern District of Pennsylvania. (Doc. 1.) This action was subsequently transferred to the United States District Court for the Middle District of Pennsylvania, and assigned to the undersigned. Defendant Libby, Derr's landlord, has now moved for summary judgment, arguing that the undisputed evidence fails to establish landlord liability in this particular setting because it failed to show actual knowledge by Libby of dangerousness by the particular dog responsible for this incident, Bandit. (Doc. 22.) This motion is fully briefed by the parties, and is, therefore, ripe for resolution.

For the reasons set forth below, the summary judgment motion will be granted.

---

[1] The parties have not separately addressed the application of the statute of limitations to these claims, 42 Pa.C.S §§ 5524-31, and, therefore, neither do we.

## II. Discussion

### B. Rule 56–The Legal Standard

The defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P., Rule 56 (a). Through summary adjudication a court is empowered to dispose of those claims that do not present a "genuine issue as to any material fact," Fed. R. Civ. P. 56, and for which a trial would be "an empty and unnecessary formality." Univac Dental Co. v. Dentsply Int'l, Inc., No. 07-0493, 2010 U.S. Dist. LEXIS 31615, at *4 (M.D. Pa. Mar. 31, 2010).

The substantive law identifies which facts are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine only if there is a sufficient evidentiary basis that would allow a reasonable fact finder to return a verdict for the non-moving party. Id. at 248-49.

The moving party has the initial burden of identifying evidence that it believes shows an absence of a genuine issue of material fact. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 145-46 (3d Cir. 2004). Once the moving party has shown

that there is an absence of evidence to support the nonmoving party's claims, "the non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." Berckeley Inv. Group. Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial," summary judgment is appropriate. Celotex, 477 U.S. at 322. Summary judgment is also appropriate if the non-moving party provides merely colorable, conclusory, or speculative evidence. Anderson, 477 U.S. at 249. There must be more than a scintilla of evidence supporting the nonmoving party and more than some metaphysical doubt as to the material facts. Id. at 252; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In making this determination, the court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

Moreover, a party who seeks to resist a summary judgment motion by citing to disputed material issues of fact must show by competent evidence that such factual disputes exist. Further, "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment." Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995). Similarly, it is well-settled that: "[o]ne

cannot create an issue of fact merely by . . . denying averments . . . without producing any supporting evidence of the denials." Thimons v. PNC Bank, NA, 254 F. App'x 896, 899 (3d Cir. 2007)(citation omitted). Thus, "[w]hen a motion for summary judgment is made and supported . . ., an adverse party may not rest upon mere allegations or denial." Fireman's Ins. Co. of Newark NJ v. DuFresne, 676 F.2d 965, 968 (3d Cir. 1982), see Sunshine Books, Ltd. v. Temple Univ., 697 F.2d 90, 96 (3d Cir. 1982). "[A] mere denial is insufficient to raise a disputed issue of fact, and an unsubstantiated doubt as to the veracity of the opposing affidavit is also not sufficient." Lockhart v. Hoenstine, 411 F.2d 455, 458 (3d Cir. 1969). Furthermore, "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions." Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985)(citing Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981)). In particular, a plaintiff cannot avoid summary judgment by simply relying upon a self-declaration that he has authored which relies not on evidence, but on the plaintiff's own interpretation of events and, essentially, opinion testimony. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990) (the nonmoving party may not defeat a properly supported summary judgment motion by simply substituting the "conclusory allegations of the complaint or answer with the conclusory allegations of an affidavit."); Iseley v. Beard, No. 02-2006, 2009 U.S. Dist. LEXIS 52014, *32 (M.D. Pa. Mar. 30, 2010) (conclusory allegations contradicted by documentary evidence

cannot be accepted as true). Yet, while "only evidence which is admissible at trial may be considered in ruling on a motion for summary judgment," Countryside Oil Co., Inc. v. Travelers Ins. Co., 928 F.Supp. 474, 482 (D.N.J.1995), and "a party resisting a [Rule 56] motion cannot expect to rely merely upon bare assertions, conclusory allegations or suspicions," Gans v. Mundy, 762 F.2d 338, 341 (3d Cir. 1985), the court must "consider all evidence in the light most favorable to the party opposing the motion." A.W. v. Jersey City Pub. Schs., 486 F.3d 791, 794 (3d Cir. 2007).

There is one other aspect to this standard of review which warrants brief comment. In this case, the plaintiff relies upon a rule of state practice, the so-called Nanty-Glo rule, to argue that summary judgment may not be entered on behalf of defendant Libby because the undisputed evidence relating to his lack of knowledge regarding the canine, Bandit's, dangerous propensities is derived from witness statements.[2] Arguing that in state practice the Nanty-Glo rule would forbid summary judgment based on these undisputed witness statements, Seeley contends that this court is also precluded from considering summary judgment in favor of Libby, even if there is no dispute as to any material facts among the witnesses, simply because witness statements must always be submitted to a jury for a credibility determination.

---

[2] The so-called Nanty-Glo rule that the plaintiffs assert is derived from Borough of Nanty-Glo v. Am. Surety Co., 163 A. 523 (Pa. 1932).

7

Whatever effect the Nanty-Glo rule may have on state practice, reliance on this rule is misplaced in the instant federal case, as courts in this circuit have consistently found that this state-law procedural rule has no application to motions for summary judgment in federal court. See, e.g., Schmitt v. State Farm Ins. Co., Civ. A. No. 09-1517, 2011 WL 4368400, at *13 (W.D. Pa. Aug. 12, 2011) ("Nanty-Glo is inapplicable to summary judgment motions in federal court."); NGM Ins. Co. v. Stoltzfus Const., LLC, Civ. A. No. 09-CV-01717, 2011 WL 397667, at *5 (M.D. Pa. Jan. 10, 2011); Tarlecki v. Mercy Fitzgerald Hosp., Civ. A. No. 01-1347, 2002 WL 1565568, at *1 n.1 (E.D. Pa. July 15, 2002). Indeed, it is well-settled that the court may rely upon testimonial evidence in reaching a decision on a summary judgment motion. See Waskovich v. Morgano, 2 F.3d 1292 (3d Cir. 1993). Moreover, Rule 56 plainly contemplates the sue of testimonial evidence in support of a summary judgment motion. See Fed. R. Civ. P. 56 (c). Therefore, in resolving this motion we can, and must, consider what the undisputed testimonial evidence shows.

### B. Landlord Liability Principles in Dog Bite Cases

As a federal court exercising diversity jurisdiction in this case, we are obliged to apply the substantive law of Pennsylvania to this dispute. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d. Cir. 2000). Under Pennsylvania law, several guiding principles define the liability of landlords for injuries suffered by third parties as a result of dog bites received from canines belonging to a tenant of the landlord.

8

Typically:

> In order to establish a cause of action in negligence against a landlord for injuries caused by his tenant's dog, it must be proven that the landlord owed a duty of care, that he breached that duty, and that the injuries were proximately caused by the breach. Martin v. Evans, 551 Pa. 496, 711 A.2d 458 (1998). A landlord out of possession is not liable for attacks by animals kept by his tenant on leased premises where the tenant has exclusive control over the premises. However, a duty to use reasonable care will attach to prevent such injuries if the landlord has knowledge of a dangerous animal on the rented premises and if the landlord enjoyed the right to control or remove the animal by retaking the premises. Palermo v. Nails, 334 Pa.Super. 544, 483 A.2d 871 (1984).

Rosenberry v. Evans, 48 A.3d 1255, 1258 (Pa. Super. Ct. 2012). However, "[a]ctual knowledge of a dog's dangerous propensities is required before a duty is imposed upon a landlord to protect against or remove an animal housed on rental property." Id. at 1259. It is plainly insufficient under Pennsylvania law to assert that a landlord simply should have known of an animal's dangerous propensities. Instead, "[p]ursuant to Pennsylvania law . . . , a landlord may be held liable for injuries caused by a tenant's pet [only] if it is proven he or she *knows* of the presence of that pet and that pet's violent propensities. See also, e.g., Andrews v. DeStefano, 71 Pa. D. & C. 4th 497 (Com.Pl.2005); Dick v. Detwiler, 7 Pa. D. & C. 4th 629 (Com.Pl.1990)." Underwood ex rel. Underwood v. Wind,, 954 A.2d 1199, 1208-09 (Pa. Super. Ct. 2008)(emphasis in original).

Another principle emerges from Pennsylvania case law in this field. By eschewing liability based upon a claim that a landlord should have known of an

9

animal's propensities, and instead insisting that liability exists only when the landlord has actual knowledge of a canine's past conduct, Pennsylvania courts appear to engage in a canine-specific inquiry, one which examines the landlord's knowledge of the propensities of the particular dog whose actions are at issue. As Pennsylvania's Superior Court has observed: "a landlord may be held liable for injuries caused by a tenant's pet [only] if it is proven he or she *knows* of the presence of that pet and *that pet's violent propensities*." Underwood ex rel. Underwood v. Wind,, 954 A.2d 1199, 1208-09 (Pa. Super. Ct. 2008)(emphasis added in part). In short, Pennsylvania law does not appear to endorse any sort of transitive property of landlord liability in this particular arena, where knowledge of the habits of one tenant's pet may be imputed to another pet for liability purposes. Thus, where proof is lacking of actual knowledge on a landlord's part that a particular animal is dangerous, there is no liability and the landlord is entitled to judgment as a matter of law. Rosenberry v. Evans, 48 A.3d 1255, 1258 (Pa. Super. Ct. 2012); Andrews v. DeStefano, 71 Pa. D. & C. 4th 497 (Com.Pl.2005).

    **C.**    **The Plaintiff Has Not Shown That Defendant Libby Had Actual Knowledge of Bandit's Propensities Prior to July 8, 2003**

Judged against these benchmarks, defendant Libby, Derr's landlord, is entitled to summary judgment in his favor since the undisputed evidence shows that Libby had never received notice of any dangerous propensities on the part of Bandit, the dog involved in the July 9, 2003, mauling incident, prior to that incident. While Seeley

and Derr contest whether Bandit had, in fact, exhibited aggressive behavior prior to July 8, a factual dispute between these two parties which would preclude summary judgment on Seeley's claims against Derr,[3] the undisputed evidence shows that Libby was only informed of incidents involving another canine, Cinnamon. In fact, Seeley candidly admitted that he had no information which would indicate that Libby had any prior actual knowledge of dangerous propensities on the part of Derr's dog, Bandit. (Doc. 22-2, p. 19.) Since Pennsylvania law would not permit liability based solely upon a claim that the landlord, Libby, should have known of Bandit's dangerousness, Underwood ex rel. Underwood v. Wind,, 954 A.2d 1199, 1208-09 (Pa. Super. Ct. 2008), and instead requires proof that "he or she *knows* of the presence of that pet and *that pet's violent propensities*." Underwood ex rel. Underwood v. Wind,, 954 A.2d 1199, 1208-09 (Pa. Super. Ct. 2008)(emphasis added), the complete paucity of evidence that Libby had received prior notice that the offending dog, Bandit, was dangerous is fatal to any claim against the landlord under Pennsylvania law, Rosenberry v. Evans, 48 A.3d 1255, 1258 (Pa. Super. Ct. 2012); Andrews v.

---

[3]We note that Seeley served Derr on March 2, 2012, (Doc. 5.), and Derr participated in these proceedings in a limited way by submitting an affidavit in support of Libby's summary judgment motion, but Derr has not otherwise answered or responded to the complaint. We leave for another day whether the entry of a default judgment against Derr would be appropriate at this juncture.

DeStefano, 71 Pa. D. & C. 4th 497 (Com.Pl.2005), and compels entry of judgment in favor of defendant Libby.

An appropriate order follows.

## III. Order

Accordingly, for the foregoing reasons, the motion for summary judgment in favor of the defendant, Carl Libby (Doc. 22.) is GRANTED. In light of this ruling, Libby's motions in limine, (Docs. 31 and 32.) are dismissed as moot. On or before August 6, 2013, the plaintiff shall notify the court how she wishes to proceed with respect to defendant Derr, who has been served but has not yet responded in this lawsuit.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

Dated: July 17, 2013