## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIRANDA SEELEY, A MINOR,** | : | **Civil No. 4:12-CV-917** |
| **BY HER NATURAL GUARDIAN,** | : | |
| **SUSAN SHEPARD,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **MARA DERR and CARL LIBBY,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

### I.    Statement of Facts and of the Case

With this opinion, we write what may be the last chapter in this case, litigation which has had a fitful history spanning more than a decade, marked by extended periods of inexplicable inaction. The pertinent facts in this case can be simply stated:

In 2003, five year-old Miranda Seeley and her father, Edward Seeley, resided with Mara Derr and her family in a rented duplex at 448 Orange Street, Northumberland, Pennsylvania. At the time, Derr's landlord was the defendant, Carl Libby. Also residing at the duplex with Derr, her family, and the Seeleys were two dogs–Bandit and Cinnamon. On July 9, 2003, Derr's dog, Bandit, is alleged to have mauled and severely injured Miranda Seeley. On December 1, 2011, some 7 ½ years

after this incident[1], Seeley, acting on behalf of his daughter, filed this action in the United States District Court of the Eastern District of Pennsylvania. (Doc. 1.) This action was subsequently transferred to the United States District Court for the Middle District of Pennsylvania, and assigned to the undersigned. After some pre-trial proceedings, on July 17, 2013, we dismissed defendant Libby, Derr's landlord, from this action. (Doc. 36.)  This ruling left only defendant Derr as a party in this lawsuit, and Derr's status in the litigation was curious.

It appeared from the docket that Seeley served Derr on March 2, 2012, more than two years ago. (Doc. 5.) Derr then participated in these proceedings in a limited and odd way by submitting an affidavit in support of Libby's summary judgment motion, but Derr did not otherwise answer or respond to the complaint. Despite the passage of approximately 16 months between Derr's March 2012 service and our dismissal of Libby, Derr's co-defendant in July 2013, the plaintiff had never taken any action to seek a default judgment against Derr prior to the dismissal of her co-defendant. In our July 17, 2013 opinion dismissing Libby as a party-defendant, we noted this inaction by the plaintiff and directed the plaintiff as follows: "On or before August 6, 2013, the plaintiff shall notify the court how she wishes to proceed with respect to defendant Derr, who has been served but has not yet responded in this

---

[1]We note that this delay may well have barred these claims under the applicable Pennsylvania statute of limitations, 42 Pa.C.S §§ 5524-31, although no party has raised a statute of limitations defense in this matter.

lawsuit." (Doc. 36, p. 12.)

One day after this August 6 deadline passed, on August 7, 2013, plaintiff's counsel submitted a letter stating that he intended to request a default judgment against Derr. (Doc. 37.) However, the plaintiff took absolutely no further action to seek entry of a default judgment. Five months then passed until we entered an order on January 9, 2014 instructing the plaintiff to file a motion for entry of default in this matter on or before January 17, 2014. (Doc. 38.) This deadline has now also passed without any action on the plaintiff's part and some three months have elapsed since the plaintiff was specifically instructed to file this motion.

On these facts we conclude that dismissal of this action for failure to prosecute is now appropriate.

## II.   Discussion

### A.   Dismissal of this Case Is Warranted Under Rule 41.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a court to dismiss a civil action for failure to prosecute:"If the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).  Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court, and will not be disturbed absent an abuse of that discretion. Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002)(citations omitted).  That discretion, however, while broad is governed by certain factors, commonly referred to as Poulis factors. As the United

States Court of Appeals for the Third Circuit has noted:

> To determine whether the District Court abused its discretion [in dismissing a case for failure to prosecute], we evaluate its balancing of the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir.1984).

Emerson, 296 F.3d at 190.

In exercising this discretion "there is no 'magic formula' that we apply to determine whether a District Court has abused its discretion in dismissing for failure to prosecute." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011)(quoting Briscoe v. Klem, 538 F.3d 252 (3d Cir. 2008)). Therefore, "[i]n balancing the Poulis factors, [courts] do not [employ] a . . . 'mechanical calculation' to determine whether a District Court abused its discretion in dismissing a plaintiff's case. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir.1992)." Briscoe v. Klaus,  538 F.3d at 263. Consistent with this view, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus,  538 F.3d at 263. Moreover, recognizing the broad discretion conferred upon the district court in making judgments weighing these six factors, the court of appeals has frequently sustained such dismissal orders where there has been a pattern of dilatory conduct by a *pro se*

litigant who is not amenable to any lesser sanction. See, e.g., Emerson v. Thiel College, supra; Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007); Reshard v. Lankenau Hospital, 256 F. App'x 506  (3d Cir. 2007); Azubuko v. Bell National Organization, 243 F. App'x 728 (3d Cir. 2007).

It is clear, however, in a case such as this where a plaintiff has inexplicably fails to pursue a default judgment against a non-responsive defendant, that courts have often concluded under Poulis that dismissal of the action for failure to prosecute is appropriate. See Parks v. Ingersoll-Rand Co., 380 F.App'x 190 (3d Cir. 2007); D'Onofiro v. Il Mattino, 430 F.Supp.2d 431, 444 (E.D.Pa. 2006.) In our view this is one such case where dismissal is proper since a dispassionate assessment of the Poulis factors weighs heavily in favor of dismissing this action.

At the outset, a consideration of the first Poulis factor, the extent of the party's personal responsibility, shows that the delays in this case are now entirely attributable to the plaintiff's counsel, who has failed to abide by court orders, and has otherwise neglected to litigate this case against Derr for several years.

Similarly, the second Poulis factor– the prejudice to the adversary caused by the failure to abide by court orders–also calls for dismissal of this action. Indeed, this factor–the prejudice suffered by the party seeking sanctions–is entitled to great weight and careful consideration. As the United States Court of Appeals for the Third Circuit has observed:

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir.1994) (internal quotation marks and citation omitted). Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874 (internal quotation marks and citations omitted). . . . However, prejudice is not limited to "irremediable" or "irreparable" harm. Id.; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir.2003); Curtis T. Bedwell & Sons, Inc. v. Int'l Fidelity Ins. Co., 843 F.2d 683, 693-94 (3d Cir.1988). It also includes "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware, 322 F.3d at 222.

Briscoe  v. Klaus, 538 F.3d at 259-60.

In this case the plaintiff's failure to litigate this claim or comply with court orders now wholly frustrates and delays the resolution of this action. Indeed, we are now presented with a highly unfair and prejudicial prospect, since permitting the action to proceed against defendant Derr at this late date would, in effect, allow the plaintiff to prevail on what may have been a time-barred claim from its inception, and receive a judgment against the defendant 11 years after the events that are the subject of this complaint, despite the plaintiff's repeated failures over time to actively pursue this matter. In such instances, defendant Derr is plainly prejudiced by the plaintiff's continuing inaction and dismissal of the case clearly rests in the discretion of the trial judge. Tillio v. Mendelsohn, 256 F. App'x 509 (3d Cir. 2007) (failure to timely serve pleadings compels dismissal); Reshard v. Lankenau Hospital, 256 F. App'x 506  (3d Cir. 2007) (failure to comply with discovery compels dismissal); Azubuko v. Bell

National Organization, 243 F. App'x 728 (3d Cir. 2007) (failure to file amended

complaint prejudices defense and compels dismissal).

When one considers the third Poulis factor-the history of dilatoriness on the

plaintiff's part–it becomes clear that dismissal of this action is now appropriate. In this

regard, it is clear that "'[e]xtensive or repeated delay or delinquency constitutes a

history of dilatoriness, such as consistent non-response . . . , or consistent tardiness in

complying with court orders.' Adams, 29 F.3d at 874." Briscoe v. Klaus, 538 F.3d at

260-61 (some citations omitted). Here, the plaintiff has failed for years to take the

simple step of pursuing a default judgment, and has disregarded a court order directing

him to seek the entry of a default judgment. The plaintiff has also failed to timely file

pleadings, and has not complied with orders of the Court. Thus, the plaintiff's conduct

displays "[e]xtensive or repeated delay or delinquency [and conduct which] constitutes

a history of dilatoriness, such as consistent non-response . . . , or consistent tardiness

in complying with court orders." Adams, 29 F.3d at 874.

The fourth Poulis factor–whether the conduct of the party or the attorney was

willful or in bad faith–also cuts against the plaintiff in this case. In this setting we must

assess whether this conduct reflects mere inadvertence or willful conduct, in that it

involved "strategic," "intentional or self-serving behavior," and not mere negligence.

Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 875 (3d

Cir.1994). At this juncture, when the plaintiff has failed to comply with instructions

of the Court directing the plaintiff to take specific actions in this case, the Court is compelled to conclude that the plaintiff's actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions.

While Poulis also enjoins us to consider a fifth factor, the effectiveness of sanctions other than dismissal, cases construing Poulis agree that in a situation such as this case, where we are confronted by a litigant who will not comply with court orders, lesser sanctions may not be an effective alternative. See, e.g., Briscoe v. Klaus, 538 F.3d 252, 262-63 (3d Cir. 2008); Emerson, 296 F.3d at 191. In any event, by entering our prior order, and counseling the plaintiff on his obligations in this case, we have endeavored to use lesser sanctions, but to no avail. The plaintiff still declines to obey court orders, and otherwise ignores his responsibilities as a litigant. Since lesser sanctions have been tried, and have failed, only the sanction of dismissal remains available to the Court.

Finally, under Poulis we are cautioned to consider one other factor,  the meritoriousness of the plaintiff's claims. In our view, however, consideration of this factor cannot save this particular plaintiff's claims, since the plaintiff is now wholly non-compliant with his obligations as a litigant. The plaintiff cannot refuse to address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him.  Furthermore, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the

Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe v. Klaus,  538 F.3d at 263. Therefore, the untested merits of the non-compliant plaintiff's claims, standing alone, cannot prevent imposition of sanctions. In any event, we note that there remains substantial doubt in our mind regarding whether the plaintiff could ultimately maintain this action against Derr if Derr had chosen to contest this case, since the complaint was first filed in federal court some 7 ½ years after the dog bite incident. Dog bites are treated as torts under Pennsylvania law, McCloud v. McLaughlin, 2003 PA Super 451, 837 A.2d 541, 543 (Pa. Super. Ct. 2003), and as tort actions are typically subject to a two year statute of limitations. See 42 Pa.C.S. §5524. Therefore, it may well be that this claim was both untimely filed, and then untimely pursued, yet another factor which weighs in favor of dismissal of this action under Poulis.

## III.   Order

Having found under the governing Poulis factors that dismissal of this case is appropriate given the inexplicable, but protracted, failure of the plaintiff to seek entry of default against defendant Derr, see Parks v. Ingersoll-Rand Co., 380 F.App'x 190 (3d Cir. 2007); D'Onofiro v. Il Mattino, 430 F.Supp.2d 431, 444 (E.D.Pa. 2006), for the foregoing reasons, this case will be dismissed for failure to prosecute as to defendant Derr and the clerk will be directed to close this file.

An appropriate order will issue.


_/s/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge

Dated: March 14, 2014.